**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| FERMAN WAYNE SIMS II, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-135-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Ferman Wayne Sims II, TDCJ-ID #1223563, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

On March 5, 2004, following a trial before the court, Sims was found guilty of aggravated

assault with a deadly weapon and sentenced to eleven years' confinement in Case No. 0820335 in the Criminal District Court Number Four of Tarrant County, Texas.[1]  (State Habeas R. at 67)  Sims appealed his conviction, but the Second Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review.  *Sims v. Texas*, No. 2-04-125-CR, slip op. (Tex. App.–Fort Worth Aug. 4, 2005) (not designated for publication); *Sims v. Texas*, PDR No. 1563-05.  He also filed a state application for writ of habeas corpus challenging his conviction, which was denied by the  Texas Court of Criminal Appeals on the findings of the trial court.  *Ex parte Sims*, Application No. WR-66,819-1, at cover.  *See also* http://www.cca.courts.state.tx.  Sims filed this federal petition for writ of habeas corpus on February 18, 2007.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## D.  ISSUES

Sims challenges the legal and factual sufficiency of the evidence (grounds one through six) and the Second Court of Appeals's reliance on three state cases (ground seven).  (Petition at 7-9)

## E.  RULE 5 STATEMENT

Quarterman believes that Sims has exhausted his state remedies as required by 28 U.S.C. § 2254(b)-(c), however Sims's seventh claim, raised for the first time in this petition, is unexhausted. Under the Texas abuse-of-the-writ doctrine he cannot now return to state court for purposes of exhausting the claim.  *See id.* art. 11.07, § 4.  The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review.  *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir.

---

[1]In the same bench trial, Sims was also found guilty of aggravated robbery with a deadly weapon in Case No. 0898387.  Sims challenges that conviction in a separate habeas action currently pending in this court.  *See Sims v. Quarterman*,  Civil Action No. 4:07-CV-562-Y.

1997).  Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing

not having been demonstrated, Sims's seventh claim is procedurally barred from this court's review.

*See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

## F.  DISCUSSION

### 1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established federal

law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly

established federal law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court of the United States on a question of law or if the state court decides a case differently

than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529

U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court

decision will be an unreasonable application of clearly established federal law if it correctly identifies

the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual

findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue

made by a state court shall be presumed to be correct.  The applicant has the burden of rebutting the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  When the

Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written

3

order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v.*

*Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.

1997).

## 2. Sufficiency of the Evidence

Sims claims there was legally and factually insufficient evidence that he used his foot as a

deadly weapon, that he kicked the victim with his foot, and that he caused the victim bodily injury

by kicking him.

A factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v.*

*Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In challenges to state convictions under § 2254, only the

legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be

satisfied. Under this standard, a federal court must consider whether, viewing all the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the existence of

facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.*

According to state witnesses, Sims, another man, Sims's wife, Rhonda, and their baby were

eating dinner at the Ginger Brown's restaurant in Lake Worth, Texas, on September 16, 2001. The

baby was fussy, and Rhonda and Sims complained about the service and were loud and disruptive.

When paying, Rhonda berated the elderly cashier, and another customer, Cass Brock, intervened.

Sims approached Brock, hit him in the face with his fist, rendering Brock unconscious. While on the

ground, Sims kicked Brock about the face, head and body. Brock's testimony and photographic

evidence indicated that he suffered chipped teeth, lacerations, swelling and bruising to his face, head

and body. (2Reporter's R. at 7-35) According to Sims, he approached Brock because Brock was

upsetting his wife, Brock was the aggressor and Brock struck him first. Sims denied that Brock was

4

ever unconscious or that he kicked Brock.  (*Id.* at 108-22)

After reviewing the evidence as a whole, the Second Court of Appeals concluded the evidence was legally sufficient to show that:  (1) Sims's foot was used as a deadly weapon (as defined under state law), (2) he kicked Brock with his foot, and (3) Brock received a serious bodily injury from the kicking.  In turn, the Texas Court of Criminal Appeals also rejected Sims's sufficiency claims by refusing his petition for discretionary review and denying his state habeas application.  This was an adjudication regarding the merits of the claims.

Sims has wholly failed to rebut the presumptive correctness of the state courts' determination of his claims.  It was the role of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basis facts to ultimate facts.  *Jackson*, 443 U.S. at 319.  Assuming the trial court believed the testimony of the state's witnesses, in conjunction with the photographic evidence, the state courts' disposition of Sims's claims appears consistent with *Jackson*.

## II.  RECOMMENDATION

It is recommended that the petition be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 25, 2008.  The United States District Judge need only make a *de novo*

determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 25, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 4, 2008.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE